IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM L. BEEM,

      Plaintiff,                  No. 2:09-cv-2991 GEB KJN P

   vs.

CRAIG, et al.,

      Defendants.         <u>ORDER</u>

_____/

      On November 11, 2010, defendants filed a motion to compel plaintiff to respond to defendants' Request for Production of Documents, Set One, and Interrogatories, Set One.[1] (Dkt. No. 18.)  Receiving no opposition or statement of nonopposition from plaintiff, the court, on December 16, 2010, issued an order directing plaintiff to show cause for his failure to respond to defendants' motion, and to file such a response.  (Dkt. No. 19.)  Plaintiff filed a response on

////
////
////
////

---

[1] Defendants also reference a Request for Admissions (<u>see</u> <u>e.g</u>. Dkt. No. 18-1, at 2), but it does not appear that such a request was served on plaintiff or pursued in this motion.

1

January 7, 2011,[2] wherein he states that he is "back in prison for a parole violation,"[3] and requests appointment of counsel because he does not understand the discovery process or "the meaning of opposition or nonopposition." (Dkt. No. 20, at 1.) Plaintiff explains, "I failed to respond to the defendants because I have no idea what a discovery is." (Id.) Defendants have filed a reply, again seeking an order to compel plaintiff's responses, and requesting an award of $560.00 in attorney's fees. (Dkt. No. 21.)

Defendants note that the subject discovery was served on plaintiff on July 29, 2010; that plaintiff failed to respond by the deadline of September 12, 2010; that on October 13, 2010, defense counsel sent plaintiff a letter, requesting responses within 10 days, and informing plaintiff that, if he failed to respond, defendants would file a motion to compel and seek sanctions. Plaintiff did not respond, and defendants filed their motion on November 11, 2010, within the discovery deadline of November 12, 2010.

Plaintiff filed this action on October 26, 2009, after being paroled from High Desert State Prison ("HDSP"). The complaint alleges that plaintiff requires a wheelchair and was transported to HDSP in October 2008 in a mobility van; however, that neither plaintiff's medical file nor his wheelchair "chrono" had been sent to HDSP, and therefore plaintiff was simply "wheeled over to the housing unit then the chair was removed." (Cmplt. (Dkt. No. 1), at 3.) Plaintiff alleges that, as a result, he did not eat for seven days, and was not given a wheelchair until he crawled 40 yards "to medical." (Id.) The court found that the complaint may state potentially cognizable claims under the Eighth Amendment and the Americans with Disabilities Act, and found service of process appropriate for correctional officer Craig,

---

[2] Plaintiff states that he did not receive the court's order until January 1, 2011; accordingly, the court accepts plaintiff's late-filed response.

[3] Plaintiff states that he was arrested on November 8, 2010. However, plaintiff failed to notify the court and defendants of his change in address. As plaintiff was instructed at the commencement of this case (Dkt. No. 3), Local Rule 182 requires that a party appearing without counsel is under a continuing obligation to promptly notify the Clerk of Court and all parties of any change in address.

physician assistant Miller, and the California Department of Corrections and Rehabilitation. (Dkt. Nos. 9, 11.)

After each defendant appeared in this action, the court issued a Discovery and Scheduling Order setting forth the guidelines and requirements for obtaining all information necessary to proceed. (Dkt. No. 17.) The court explained the nature of such information: "At the trial of this case, the plaintiff must be prepared to introduce evidence to prove each of the alleged facts that support the claims raised in the lawsuit. In general, there are two kinds of trial evidence: (1) exhibits; and (2) the testimony of witnesses. It is the plaintiff's responsibility to produce all of the evidence to prove the claims, whether that evidence is in the form of exhibits or witness testimony." (Id. at 1-2.) The court explained that "discovery shall proceed" pursuant to "Federal Rules of Civil Procedure 1, 16, and 26-36," (id. at 1), which require the parties to provide one another with all relevant evidence.

Plaintiff seeks appointment of counsel based on his lack of understanding of this process. This is plaintiff's second request. The court denied plaintiff's first request for appointment of counsel on the ground that "plaintiff has adequately presented the salient factual allegations, including the conduct of defendants which he challenges." (Dkt. No. 9, at 7.) The court noted that district courts lack authority to require counsel to represent indigent prisoners in Section 1983 cases, Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989), and may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1), only in exceptional circumstances, Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The court continues to find that the instant case does not present exceptional circumstances warranting the solicitation and appointment of counsel. The relevant facts appear to be limited and straightforward, and the potentially cognizable legal claims are based on well-established principles. Plaintiff's situation is not unlike that of most prisoners, who must learn the litigation process as their case proceeds. Moreover, in this case, as in all prisoner civil

rights cases, the court issues detailed and informative orders setting forth the pertinent rules and requirements.  In addition, defendants' discovery requests are, for the most part, straightforward.  Thus, plaintiff's request for appointment of counsel will again be denied.

Although plaintiff proceeds without counsel, he is required to adhere to all applicable rules and procedures.  <u>See</u> Local Rule 183 ("Any individual representing himself . . . without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law.  All obligations placed on 'counsel' by these Rules apply to individuals appearing in propria persona.  Failure to comply therewith may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules.").

Plaintiff is reminded that he is the one who initiated this action, and that his failure to properly pursue it may result in its dismissal.  The Federal Rules of Civil Procedure authorize dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order . . . ." Fed. R. Civ. P. 41(b).  A federal district court has the inherent power to dismiss a case sua sponte under Rule 41(b).  <u>Link v. Wabash R. Co.</u>, 370 U.S. 626, 630-32 (1962).  Dismissal is also authorized by Federal Rule of Civil Procedure 16(f) (dismissal appropriate "[i]f a party . . . fails to obey a scheduling order or pretrial order"); and Local Rule 110 ("Failure of . . . a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the court").

In deference to plaintiff's pro se status, in other words proceeding without counsel, and to the policies promoting the resolution of cases on their merits, the court will require that plaintiff respond, without objection, to all of defendant's discovery requests; will deny without prejudice defendants' request for monetary sanctions; and will extend the discovery and pretrial motion deadlines.  Plaintiff is directed to respond to defendants' discovery requests within the deadline set forth below.

Failure of plaintiff to comply with this order or to otherwise demonstrate that he

does not intend to pursue this case will result in a recommendation that this action be dismissed.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Defendants' motion to compel discovery (Dkt. No. 18) is granted; defendants' request for monetary sanctions is denied without prejudice.

2. Plaintiff shall, on or before Friday, February 18, 2011, serve (mail) his responses to each of defendants' discovery requests, without objection; that is, plaintiff shall provide written answers to each of defendants' interrogatories, and shall provide copies of the documents requested in defendants' production requests.

3. The discovery deadline in this action is extended to June 30, 2011. The dispositive (pretrial) motion deadline is extended to September 15, 2011.

SO ORDERED.

DATED: January 14, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

beem2991.disc.DLs