1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   WILLIAM L. BEEM,

11            Plaintiff,              No. 2:09-cv-2991 GEB KJN P

12       vs.

13   CRAIG, et al.,

14            Defendants.              <u>ORDER</u>

15   _____/

16           Plaintiff is a former prison inmate (recently paroled) proceeding without counsel

17   and in forma pauperis with a civil rights action.  On January 28, 2011, plaintiff filed his third

18   motion for appointment of counsel, on the ground that he requires assistance in responding to

19   defendants' outstanding discovery requests.  Plaintiff's previous motions for appointment of

20   counsel, filed on January 4, 2010, and January 7, 2011, were denied.  As the court stated most

21   recently, relative to the discovery requests that remain outstanding (Dkt. No. 23, at 3-4):

22           The court continues to find that the instant case does not present
             exceptional circumstances warranting the solicitation and appointment of
23           counsel.  The relevant facts appear to be limited and straightforward, and
             the potentially cognizable legal claims are based on well-established
24           principles.  Plaintiff's situation is not unlike that of most prisoners, who
             must learn the litigation process as their case proceeds.  Moreover, in this
25           case, as in all prisoner civil rights cases, the court issues detailed and
             informative orders setting forth the pertinent rules and requirements.  In
26           addition, defendants' discovery requests are, for the most part,
             straightforward.  Thus, plaintiff's request for appointment of counsel will
             again be denied.

1    The same rationale supports the denial of plaintiff's instant motion.  As the court

2    previously noted, district courts lack authority to require counsel to represent indigent civil rights

3    litigants.  Mallard v. United States District Court, 490 U.S. 296, 298 (1989).  The court will

4    request the voluntary assistance of counsel, pursuant to 28 U.S.C. § 1915(e)(1), only in

5    exceptional circumstances, Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v.

6    Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990), not present in the instant motion.

7    Plaintiff should respond to defendants' discovery requests (Defendants' Request

8    for Production of Documents, Set One, and Defendants' Interrogatories, Set One) to the best of

9    his ability.  The current deadline to respond to the discovery requests of February 18, 2011, is

10   extended to and including Friday, March 4, 2011.  No further extension requests shall be granted,

11   absent extraordinary circumstances.  As set forth in the court's prior order, plaintiff shall, on or

12   before that date, serve (mail) his responses to each of defendants' discovery requests, without

13   objection; that is, plaintiff shall provide written answers, without objection, to each of

14   defendants' interrogatories, and shall provide copies of all documents in his possession that are

15   sought by defendants' production requests.

16   Accordingly,  IT IS HEREBY ORDERED that:

17   1.  Plaintiff's January 28, 2011 motion for appointment of counsel (Dkt. No. 24)

18   is denied; and

19   2.  The deadline for service of plaintiff's responses to defendants' outstanding

20   discovery requests is extended to March 4, 2011.

21   SO ORDERED.

22   DATED:  February 10, 2011

23

24   _____

25   KENDALL J. NEWMAN
     UNITED STATES MAGISTRATE JUDGE

26   beem2991.31.thr